249 Ind. 333 (1968)
232 N.E.2d 356
STATE EX REL. McCLINTOCK, BY NEXT FRIEND
v.
HAMILTON CIRCUIT COURT, NEW, JUDGE.
No. 1167S124.
Supreme Court of Indiana.
Filed January 8, 1968.
*334 John W. Lawson, of Indianapolis, for relator.
Edward F. New, Jr., pro se.
PER CURIAM.
This is an original action brought by the State of Indiana on the relation of Debra McClintock by next friend seeking a writ of mandate to the Hamilton County Circuit Court that said court and judge thereof grant a change of venue from the judge in a juvenile matter now pending in said court. The alternative writ was granted and the sheriff's writ was served on respondent November 14, 1967. No return was made by respondent.
The question involved, is the right to a change of venue from the judge filed under Rule 1-12B of the Rules of the Supreme Court in a juvenile matter waived under paragraph 7 of said rule where the order book entries reflect that a petition was ordered filed on November 1, 1967; summons was served on the following day, November 2, 1967; relator engaged counsel on the same day who on the following day filed a motion for a change of venue from the judge; the day the cause had been set for trial in the same order, ordering petition filed and summons issued?
Rule 1-12B of the Supreme Court, paragraph one reads as follows:
"In all cases where the venue of a civil action may now be changed from the judge or the county, such change shall be granted upon the filing of an unverified application or motion without specifically stating the ground therefor by a party or his attorney. Provided, however, a party shall be *335 entitled to only one (1) change from the county and only one (1) change from the judge."
In the State of Indiana juvenile matters are considered of a civil nature. See State ex rel. Johnson v. White Circuit Court et al. (1948), 225 Ind. 602, 77 N.E.2d 298. Likewise it has been held that juvenile matters are adversary proceedings of a statutory nature not triable by jury in which there is a right to a change of judge. See State ex rel. Duffy v. Lake Juvenile Court (1958), 238 Ind. 404, 151 N.E.2d 293. In this case the court issued an alternative writ compelling the Lake Juvenile Court to grant a change of venue from the judge of an infant under eighteen years of age.
Next comes the question whether the motion was timely filed or waived under § 7 of Rule 1-12B which reads:
"... a party shall be deemed to have waived a request for a change of judge or county if a cause is set for trial before the expiration of the date within which a party may ask for a change, evidenced by an order book entry and no objection is made thereto by a party as soon as such party learns of the setting for trial. Such objection, however, must be made promptly and entered of record, accompanied with a motion for a change from the judge or county (as the case may be) and filed with the court."
In the case before us it appears that the court had ordered a petition filed and set the case for trial two days later; the next day summons was served; that day the relator was afforded counsel; the next day, the day of the trial, counsel filed a motion for a change of venue from the judge. The judge overruled the motion; then counsel moved for a continuance which was denied, the court then swearing witnesses. The court precluded the relator's attorney from doing anything of a pre-trial nature and after a special appearance had been on file, thus, making it necessary for the relator to defend charges, if considered civil in nature, without the case being at issue. There had been no denial of record, and even if the matter was considered criminal or quasi-criminal, the *336 relator had not been informed of the charges against her nor had she responded with a "guilty or not guilty" plea. Thus, the action of the trial court by swearing witnesses and thus commencing trial without granting the motion for continuance violated due process of law. This action would seemingly make Supreme Court Rule 1-12B a nullity insofar as juvenile matters are concerned.
The recent and leading case of In the Matter of Gault, (1967) [387 U.S. 1] 87 Supreme Court 1428, 18 L.Ed.2d 527, 35 U.S. Law Week 4399, involving a fifteen-year-old boy who was arrested for making lewd and indecent remarks to a neighbor. He was held in a detention home until the following day, at which time a petition was filed against him indicating that he was under the age of eighteen years and was a delinquent minor. Gerald's mother was present at the hearing, but the complaining neighbor was not. No one was sworn at the hearing and no transcript or recording was made. The mother of the juvenile indicated that the juvenile had said that he had dialed the number, but that a friend with him had made the lewd remarks. The hearing was concluded and the juvenile released. The mother of the juvenile received a plain letter from the probation officer indicating that a hearing was set for June 15, 1964, and at that time the juvenile was in the company of his mother and father. At this hearing a request by the mother to have the complaining witness present was denied by the court. The juvenile was committed for the period of his minority to the State Industrial School. No appeal was permitted by Arizona law. The juvenile filed a petition for a writ of habeas corpus in the state court which was denied, and which the United States Supreme Court reversed.
The court spelled out the minimum requirement for a notice in a juvenile proceeding stating that it would be necessary that the child and his parent or guardian be notified in writing of a specific charge or factual allegation to be considered at the hearing and that such written notice be given at the earliest practical time, and in any event sufficiently in advance *337 of the hearing to permit preparation, see In the Matter of Gault, supra.
In this instance where a summons is issued in a juvenile matter and on the next day the cause set for trial, the cause is neither at issue nor has a plea been entered, but there has been a motion for a change of venue filed. This is in compliance with Supreme Court Rule 1-12B in such a juvenile matter where a motion for a change of venue has been made.
It is the opinion of this court that the alternative writ be made permanent.
NOTE.  Reported in 232 N.E.2d 356.