## STATE EX REL. ATKINS *v.* JUVENILE COURT OF MARION COUNTY, FIELDS, JUDGE.

[No. 369S55. Filed May 6, 1969. No petition for rehearing filed.]

*John Preston Ward, John O. Moss,* Indianapolis, for relators.

*Noble Pearcy,* Prosecuting Attorney Marion County, *James E. Bath,* Chief Deputy Prosecuting Attorney, for respondent.

DeBruler, C. J.—On February 28, 1969, Noble Pearcy, Prosecutor of Marion County, Indiana, sought and obtained a mass indictment of thirteen girls and ten boys, students of Shortridge High School, Indianapolis, Indiana, from the grand jury convened by the Criminal Court of Marion County, for the crime of disorderly conduct. Twenty-one of those indicted are the relators herein, and are juveniles at least fifteen years of age. Two of those indicted and transferred to the juvenile court were under fifteen years of age and are not parties to this action. The prosecutor and the grand jury knew these children, the relators herein, were under eighteen years of age because the ages were typed on the face of the indictment. This mass indictment was filed on February 28, 1969, in the Criminal Court of Marion County. That same day the judge of Division I of that court received the indictments and immediately ordered them transferred to the Marion County Juvenile Court. On March 5, 1969, the Juvenile Court noted the transfer made along with the indictment, and ordered a case filed against each relator and a cause number assigned to each such case. On March 7, 1969, the prosecutor of Marion County filed in the Juvenile Court a Petition for Waiver of Jurisdiction in each case and the respondent ordered a hearing as to each relator on the petition. The relators seek a writ of prohibition to prevent respondent from acting on the Petition for Waiver of Jurisdiction on the grounds that respondent has no jurisdiction to act in these cases.

We agree with the relators.

The grand jury is an arm of the Marion County Criminal

Court and under Burns' Ind. Stat. Ann. § 9-824, it has a duty to inquire into

". . . violations of the criminal laws of this state generally, *of which the court has jurisdiction.*" (Emphasis added.)

Burns' Ind. Stat. Ann. 9-3103 states in part:

"The juvenile courts created by this act . . . shall have *original exclusive* jurisdiction, except when specifically waived by the court, in such cases as provided by law, in all cases of delinquent . . . children . . ." (Emphasis added.)

Burns' Ind. Stat. Ann. § 9-3204 states in part:

"The words 'delinquent child' shall include any boy under the full age of 18 years and any girl under the full age of 18 years who . . . (1) commits an act which, if committed by an adult, would be a crime not punishable by death or life imprisonment . . . ."

It is conceded that disorderly conduct is not punishable by death or life imprisonment, that relators are under eighteen years of age, and that the grand jury knew this when it returned the indictment. Therefore, the relators were not subject to the jurisdiction of the Marion County Criminal Court. The grand jury's power to indict is limited to the jurisdiction of the court of which it is an extension, so the grand jury was without jurisdiction to return the indictment in this case.

Secondly, Burns' Ind. Stat. Ann. § 9-3215 states in part:

"No adjudication upon the status of any child in the jurisdiction of the court shall operate to impose any of the civil disabilities ordinarily imposed by conviction, nor shall any child be deemed a criminal by reason of such adjudication, nor shall such adjudication be deemed a conviction, *nor shall any child be charged with or convicted of a crime* in any court, *except as provided in section 14* [waiver by juvenile court to criminal court] and section 23 [contempt of juvenile court] . . . ." (Emphasis added.)

This is a specific statutory prohibition against knowingly

charging either by affidavit or indictment any person under eighteen years of age with a crime not punishable by death or life imprisonment in any court, except after waiver from the juvenile court or for contempt of the juvenile court.

This conclusion is further supported by several other statutes. Burns' Ind. Stat. Ann. § 9-807 sets out the oath required of grand jurors and reads in part:

> "You, and each of you, do solemnly swear or affirm that you will diligently inquire, and true presentment make, of all felonies and misdemeanors, committed or triable within this county. . . ."

It has long been the rule in this State that juvenile matters are considered to be civil in nature. *State ex rel. McClintock v. Hamilton Circuit Court* (1968), 249 Ind. 333, 232 N. E. 2d 356; *State ex rel. Johnson v. White Circuit Court* (1948), 225 Ind. 602, 77 N. E. 2d 298. Since the grand jury knew the relators were under eighteen years of age, they knew they could make no presentment against them. The grand jury is free to *investigate* events similar to the one which precipitated the charges in this case in order to determine whether any violations of law have been committed over which the convening court has jurisdiction. They might even need to call persons under eighteen years of age as witnesses. However, the prosecuting attorney and the grand jury, being aware of the fact that relators were under eighteen years of age, were precluded by law from returning a valid indictment charging relators with a criminal offense, unless the case is within the statutory exceptions.

Of course, the situation would be completely different if the prosecutor and the grand jury had not *known* that the relators were under eighteen years of age. There are two provisions in the statute for just that contingency. Burns' Ind. Stat. Ann. § 9-3213 says in part:

> "If a complaint or charge of a criminal or quasi-crim-

inal nature is made or pending against any person in any other court, and, it shall be ascertained that said person was under the age of 18 years at the time the offense is alleged to have been committed, it shall be the duty of such court to transfer such case immediately, together with all the papers, documents and testimony connected therewith, to the juvenile court. . . ."

Burns' Ind. Stat. Ann. § 9-3207 provides in part:

". . . A person subject to the jurisdiction of the juvenile court under this act may be brought before it by either of the following means and no other:

(a) By petition praying that the person be adjudged delinquent or dependent or neglected;

(b) Certification and transfer from any other court before which any such person is brought charged with the commission of a crime. . . ."

Admittedly, these statutes do not state explicitly they are to be used only when a person under eighteen years of age is *inadvertently* brought before the criminal court. Neither is there any statutory warrant for the prosecutor's position that these statutes clearly anticipate that a juvenile may be charged in a criminal court, at the discretion of the prosecutor, even though it is *known* that he is under eighteen years of age.

We believe the whole spirit and purpose of the juvenile act is violated by the procedure followed in this case. Burns' Ind. Ann. Stat. § 9-3202 states:

"This act [§§ 9-3201—9-3225] shall be liberally construed to accomplish the purposes herein sought."

Burns' Ind. Stat. Ann. § 9-3201 states:

"The purpose of this act [§§ 9-3201—9-3225] is to secure for each child within its provisions such care, guidance and control, preferably in his own home, as will serve the child's welfare and the best interests of the state; and when such child is removed from his own family, to secure

for him custody, care and discipline as nearly as possible equivalent to that which should have been given by his parents.

"The principle is hereby recognized that children under the jurisdiction of the court are subject to the discipline and entitled to the protection of the state, which may intervene to safeguard them from neglect or injury and to enforce the legal obligations due to them and from them."

To sanction the action of the prosecutor and grand jury in the case at bar is to permit a prosecutor to seek an indictment which he knows is not triable in the court which convened the grand jury; to cause the grand jurors to ignore their oath; to usurp the discretion placed by statute in the judge of the juvenile court, namely, to determine when the names arrest records of delinquent children should be made public. When the prosecutor files an affidavit or obtains an indictment it becomes a public record, unless in the case of an indictment, the person has not yet been taken into custody or given bail. Burns' Ind. Stat. Ann. §§ 9-904, 9-906. Therefore, the juvenile may be arrested on a warrant long after the act, fingerprinted and processed at the jail, and placed in the jail as if he were an adult offender. This does not seem to us to "serve the child's welfare and best interests of the state." It would further permit the police and the prosecutor to ignore the plain mandate in Burns' Ind. Stat. Ann. § 9-3208, which states in part:

"Any person may and any peace officer *shall* give to the court information in his possession that there is within the county or residing within the county, a . . . delinquent child" . . . (emphasis added).

That is the course which should be followed by a prosecutor when dealing with a juvenile, known to be such.

We, therefore, hold that a prosecutor cannot seek, nor the grand jury return, an indictment, nor may the prosecutor file an affidavit in a court of criminal jurisdiction against any person known to be under eighteen years of age unless the case is within the statutory excep-

tions. Such an indictment or affidavit is a nullity and gives the criminal court no jurisdiction of the persons named therein or of the cause. In this case the Marion County Criminal Court lacked jurisdiction even to transfer this cause to the respondent and the respondent did not obtain jurisdiction to act in any manner with regard to such an indictment.

Relators by a motion to dismiss, which is overruled, have advised this Court that the respondent judge of the juvenile court has anticipated the holding of this Court and dismissed the cases against relators for lack of jurisdiction. We hereby approve that action, but proceed to issue this opinion due to the weighty issues involved.

While the writ prayed for is no longer needed to provide the relief sought the same is hereby granted.

Jackson, J., concurs; Hunter, J., concurs with opinion; Givan, J., dissents with opinion in which Arterburn, J., concurs.

### CONCURRING OPINION

HUNTER, J.—I am of the opinion that the prosecuting attorney in this matter has *put the cart before the horse* and that by so doing he has used the grand jury investigation as a punitive arm of law enforcement in an effort to influence the juvenile court. This is not to say that there could not be certain situations which might be referred to a grand jury by a juvenile court in the exercise of judicial discretion for the purpose of an investigation preparatory to the filing of an information with said court. In this regard I believe the investigative power of the grand jury could then be utilized in the spirit of the first sentence of the following section of the juvenile act which provides:

> "Any person may and any peace officer shall give to the court information in his possession that there is within the county or residing within the county, . . . a delinquent child." Ind. Ann. Stat. § 9-2308 (1968 Supp.).

### DISSENTING OPINION

GIVAN, J.—The majority opinion is incorrect in its contention that the grand jury has no jurisdiction to inquire further when it is ascertained that the person under investigation is under eighteen years of age, and that the only action the grand jury could have taken when ascertaining the age of the relators was to refer the matter to the Marion County Juvenile Court and that they were without jurisdiction to proceed to return indictments against the relators.

The majority opinion states that the Marion County Criminal Court lacked jurisdiction even to transfer this cause to the Respondent Court based upon the fact that the grand jury knew the relators to be minors at the time the indictment was returned stating that such an indictment is a nullity. However, faced with the express language of the statute the majority is forced to observe that if the grand jury "inadvertently" indicts a minor, then the Court has jurisdiction and the transfer statutes would become applicable. Thus the majority has injected an entirely new concept into the law of jurisdiction in holding that the grand jury and the criminal court have jurisdiction when they were ignorant of the age of the person indicted or charged by affidavit, but that they are totally without jurisdiction if they know the age. Never before has this or any other Court to our knowledge ever held that jurisdiction may exist by reason of ignorance of a fact, but be non-existent when the fact is known to exist.

The matter of the jurisdiction of Juvenile Courts and of the handling of minor children who have committed acts of delinquency are matters which are purely statutory.

We, therefore, must turn to the specific language of the Indiana statutes which are pertinent to the questions presented. The statutes concerning the duties of the grand jury do not confine that body's activities to the activities of adults. Section 9-824, Burns' Indiana Statutes, requires the grand jury to inquire into, among other things, "violations of the

criminal laws of this state generally, of which the court has jurisdiction."

It will be noted from the above language that it is the violations of the criminal laws that the grand jury is to investigate. Certainly an act, even though committed by a minor, may be a violation of a criminal law even though because of the age of the child it may be considered to be an act of delinquincy rather than a crime.

The majority opinion also quotes the language from the statute above quoted and in so doing underscores the words, "of which the court has jurisdiction," and thus draws the conclusions that the grand jury has no jurisdiction to return an indictment because the criminal court has no original jurisdiction to try the juvenile. In so doing the majority is ignoring the plain import of the language of the statute for the statute refers to the violation of criminal statutes over which the court has jurisdiction and does not attempt at that point to define the various circumstances under which the same court has no jurisdiction to try the individual who may have perpetrated such a violation. As an example, a criminal court has no jurisdiction to try a person who is insane regardless of the fact that he may have violated a criminal law. Yet the court does have jurisdiction to commit such person to a mental institution. To extend the reasoning in the majority opinion in this case to the situation of the insane defendant would be to say that the grand jury had no jurisdiction to return an indictment against a person whom they knew to be insane.

An examination of the juvenile court statutes reveals that the legislature anticipated two separate methods by which a juvenile court would obtain jurisdiction over the person of a delinquent child. The statute reads as follows:

"When jurisdiction shall have been obtained by the 'court' in the case of any child, such child shall continue under the jurisdiction of the court until he becomes twenty-one [21] years of age unless discharged prior thereto or is

committed to a correctional or other state institution. A person subject to the jurisdiction of the juvenile court under this act may be brought before it by either of the following means and no other:

"(a) By petition praying that the person be adjudged delinquent or dependent or neglected;

"(b) Certification and transfer from any other court before which any such person is brought charged with the commission of a crime. Provided, That upon discharge of a dependent or neglected child from a state psychiatric hospital or school for the mentally retarded, the committing court shall resume jurisdiction over such child. [Acts 1945, ch. 356, § 7, p. 1724; 1963, ch. 340, § 1, p. 850.]" § 9-3207, Burns' Ind. Stat. Ann., (1968 Cum. Supp.)

Subparagraph (b) above quoted clearly indicates that the legislature anticipated that a child under the age of eighteen years could be charged with a crime and brought before a court which did not have juvenile jurisdiction.

That section of the statute referring to the transfer of cases from other courts to the juvenile court reads as follows:

"If a complaint or charge of a criminal or quasi-criminal nature is made or pending against any person in any other court, and, it shall be ascertained that said person was under the age of eighteen [18] years at the time the offense is alleged to have been committed, it shall be the duty of such court to transfer such case immediately, together with all the papers, documents and testimony connected therewith, to the juvenile court, excepting, however, cases against children over sixteen [16] years of age charged with violation of any of the traffic laws of the state or of any traffic ordinances of a subdivision of the state, and further excepting cases against children charged with a violation of law, which if, committed by an adult, would be a capital offense. The court making such transfer shall order the child to be taken forthwith to the place of detention designated by the juvenile court or to the court itself, or release such child in the custody of some suitable person to appear before the juvenile court at a time designated. The juvenile court shall thereupon proceed to hear and dispose of such case in the same manner as if it had been instituted in that court in the first instance. [Acts 1945, ch. 356, § 13, p. 1724.]"
§ 9-3213, Burns' Ind. Stat. Ann.

From an examination of the foregoing statutes, including sections not above quoted, we find no restriction on the grand jury with regard to the age of offenders concerning the investigation of the violation of criminal laws.

That portion of the statute giving exclusive jurisdiction to the juvenile court and requiring other courts with criminal jurisdiction to transfer the juvenile cases to the juvenile court is a transfer of the jurisdiction of the person and thus a limitation on the court's right to try the juvenile for a crime without first sending the matter of the Juvenile Court. There is no prohibition against the charging of a juvenile in criminal court either by affidavit or indictment. In fact, as disclosed by the foregoing quoted language, such practice is specifically anticipated.

In arriving at their conclusion that the grand jury has no jurisdiction to indict when the offender is known to be a minor, the majority has relied heavily upon the fact that juvenile matters are considered to be civil in nature. They concede that the grand jury could investigate the events, but could not indict, presumably because the charge would be civil in nature. While we readily concede that the charge is civil in nature under our law, we agree with the language contained in the recent Supreme Court of the United States opinion in the case of *In Re Gault* [1967], 387 U. S. 149, 18 L. Ed. 2d 527, 558, 87 Sup. Ct. 1428, which reads as follows:

> "It would be entirely unrealistic to carve out of the Fifth Amendment all statements by juveniles on the ground that these cannot lead to 'criminal' involvement. In the first place, juvenile proceedings to determine 'delinquency,' which may lead to commitment to a state institution, must be regarded as 'criminal' for purposes of the privilege against self-incrimination. To hold otherwise would be to disregard substance because of the feeble enticement of the 'civil' label-of-convenience which has been attached to juvenile proceedings. . . ."

Although we have properly for the protection of the minor

deemed these proceedings to be civil in nature in order that the child will have no criminal record, we are not justified in closing our eyes to the fact that his act is, in fact, a violation of a criminal statute over which the criminal court has full jurisdiction. It is only the jurisdiction over the individual that is vested in the juvenile court. As above shown our statutes contemplate that the charge may be brought in any court of competent jurisdiction either by indictment or affidavit, and if so brought in a court other than a court of juvenile jurisdiction, transfer to juvenile court is required.

I would, therefore, hold that the Marion County Grand Jury had full jurisdiction to make inquiry into the alleged acts of the relators notwithstanding their age and to return indictments against them. The Honorable John T. Davis, Judge of the Marion County Criminal Court, Division 1, acted promptly and properly under the statute when he immediately ordered the causes transferred to the Juvenile Court. The Judge of Juvenile Court upon receiving the transfer of the causes had full jurisdiction to treat the indictments as informations in his court and to proceed to dispose of the cases either in his own court or by a waiver of any or all of the cases to the Marion County Criminal Court under the statute. I would hold that the actions of the Marion County Grand Jury, the Prosecuting Attorney of Marion County and the Judge of the Criminal Court, Division 1, are all proper in this matter, and The Honorable Harold N. Fields, Judge of the Juvenile Court of Marion County, respondent herein, had full jurisdiction to proceed.

I would, therefore, deny the petition for the writ.

Arterburn, J., concurs in dissent.

NOTE.—Reported in 247 N. E. 2d 53.