Ronald D. TURNER, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 785S296.

Supreme Court of Indiana.

June 4, 1987.

Rehearing Denied July 31, 1987.

Benedict F. Marnocha, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant, Ronald Darnel Turner, was convicted by a St. Joseph Superior Court jury of rape, a class A felony, robbery, a class A felony, and burglary, a class B felony. The trial court sentenced Turner to thirty-five (35) years for rape, ten (10) years for robbery, and ten (10) years for burglary. All three sentences were to be served concurrently. In this direct appeal, Turner raises the following issues for our review:

1) the trial court's lack of jurisdiction over Turner;

2) prosecutorial misconduct;

3) the trial court's refusal to grant Turner's continuance on the day of the trial; and,

4) ineffective assistance of counsel.

The evidence favorable to the jury's determination of guilt is as follows. The victim, while at work, received a phone message supposedly from her son who was at school. The message was that he needed a school book left at their home. The victim returned home to retrieve the book at approximately 11:30 a.m. that morning. As she was about to leave the house, she was confronted by a man wearing a mask and wielding a knife. The man tied her to the bed, covered her eyes and mouth, and demanded money. The victim indicated she had $4.00 in her purse. The man left the

room but returned a short time later. He removed the victim's clothes and raped her. Before he left, he said, "That will teach your son to take $19.00 from me in a crap game."

The victim freed herself and called the police. She told them she recognized the voice and build of the man who raped her. She had no doubt it was Turner. She also indicated that $4.00 was missing from her purse. When interviewed by the police, the victim's son admitted he had won about $19.00 from Turner playing pool a few days earlier. A police investigation revealed that Turner was absent from morning classes on the day of the rape. Turner returned to classes that afternoon wearing the same clothing the victim said he was wearing when he raped her.

Before considering Turner's specifications of error in the trial court, we first consider the State's Motion to Strike Appendix to Appellant's Brief. The Appendix contains what appears to be photocopies of documents and transcripts from the Superior Courts and the Probate Court of St. Joseph County. Turner was originally charged as an adult in the Superior Court of St. Joseph County. After five months, Turner pointed out to the court that he was under sixteen (16) years of age at the time this crime was committed and moved to dismiss the cause since the Superior Court lacked jurisdiction. The Superior Court accordingly dismissed the action. Two weeks later, the State filed a petition alleging delinquency in the Probate Court, which is also the Juvenile Court of St. Joseph County. The State also filed a request for authorization to file delinquency, which was granted, and a Motion for Waiver of Juvenile Jurisdiction, also granted by the Juvenile Court after a waiver hearing. The appendix in question filed with Appellant's Brief, contains filings and docket sheets from the Superior Court in the action which was dismissed, and the actions taken in the Juvenile Court.

None of these documents and transcripts are certified by any court nor is there any showing that they are a part of the record of this cause. The State's position in its Motion to Strike is that these materials are not a part of the record of proceedings of this cause and are not proper materials for this Court to consider in an appeal. We agree with the State on this issue.

It is the duty of an appellant to present a record that is complete and that supports his claim of error so that an intelligent review of the issues may be made. *Berry v. State* (1985), Ind., 483 N.E.2d 1369, 1373; *Murray v. State* (1985), Ind., 479 N.E.2d 1283, 1286. An appellant must see that the record of proceedings contains all pleadings, papers, and transcripts of testimony which disclose and have any bearing on the error he is alleging. Any error alleged but not disclosed by the record, or any matter not contained in the record, will not be a proper subject for review. *Averhart v. State* (1984), Ind., 470 N.E.2d 666, 683, *cert. denied* 471 U.S. 1030 105 S.Ct. 2051, 85 L.Ed.2d 323; *Tabor v. State* (1984), Ind., 461 N.E.2d 118, 126. *See also Ross v. State* (1978), 268 Ind. 471, 376 N.E.2d 1117, *cert. denied* 439 U.S. 1080, 99 S.Ct. 862, 59 L.Ed.2d 50.

The material contained in the Appendix had not been properly made a part of the record of proceedings in this cause pursuant to Appellate Rule 7.2 and therefore is outside the record in this cause. They therefore cannot be used to show or support any allegation of error. In responding to the Motion to Strike, Turner supports the propriety of the Appendix by citing Appellate Rule 8.2(A)(4) which allows for the filing of an appendix with a brief for "submission of record or other material deemed useful." It is clear this rule contemplates the submission of record material or material deemed useful that may be placed in an appendix to a brief that is a part of the proper record of proceedings and is properly filed and certified by the clerk and the judge. The Motion to Strike is therefore granted and the material contained in the Appendix and any reference to it in the briefs will not be considered in disposing of this case on the issues presented.

## I

Appellant claims the trial court lacked jurisdiction over him because of the sequence of the events in which he was originally charged as an adult in a cause which was later dismissed and followed by the initiation of this action in the juvenile court. At the time these charges were originally filed in the Superior Court, Ind. Code § 31–6–2–1(d) (Burns 1985) provided that juveniles sixteen years or older were to be charged in adult court for certain crimes. Rape was one of the designated crimes in the statute. Apparently the police and the Prosecutor thought Turner was sixteen at the time the crime was committed and thus, charges were filed against him in the Superior Court rather than in the Juvenile Court. However, Turner was two weeks shy of his sixteenth birthday at the time he was charged. Five months after the charges were filed, Turner brought this fact to the attention of the Superior Court and without objection by the State, the court dismissed the action. Two weeks later, the State filed a petition in the Juvenile Court alleging delinquency pursuant to Ind. Code § 31–6–4–9 (Burns 1985). After a preliminary inquiry the State requested authorization to file a delinquency petition and that request was granted. The State then filed a Motion for Waiver of Jurisdiction and after an evidentiary hearing the Juvenile Court waived jurisdiction to adult criminal court pursuant to Ind. Code § 31–6–2–4 (Burns 1985). The State then proceeded by filing this action in the form of an information in the St. Joseph Superior Court, charging Turner with rape, robbery, and burglary.

Turner's claim of lack of jurisdiction in the Juvenile Court is based on his contention that since this cause was originally filed in adult court where that court had no jurisdiction to try him, there also was no jurisdiction in the Juvenile Court and the Superior Court pursuant to a waiver by the Juvenile Court. There is no merit to Turner's position. In support of his contention he cites this Court's opinion in *State ex rel Atkins v. Juvenile Court of Marion County* (1969), 252 Ind. 237, 247 N.E.2d 53. The holding in *Atkins* is not dispositive of this case. In *Atkins*, the Prosecuting Attorney took matters involving high school students before a criminal court Grand Jury which returned indictments against Atkins and others. The criminal court then transferred the indictments to the Juvenile Court. We held it was improper for the Prosecutor to seek, and for the Grand Jury to return, indictments against persons known to be under eighteen (18) years of age unless the case was within statutory exceptions. *Id.* at 242, 247 N.E.2d at 56. The Court further held that such an indictment or affidavit is a nullity and gives the criminal court no jurisdiction over the persons named in the case, including the lack of jurisdiction even to transfer the cause to the juvenile court. *Id.* *Atkins* provided that all actions of the criminal court were a nullity including the transfer and therefore the juvenile court did not obtain jurisdiction to act in any matter with regard to the indictments. *Id.*

The instant case presents entirely different facts and circumstances. When Turner demonstrated to the Superior Court in the original action that it lacked jurisdiction, the court dismissed the action. The subsequent filing in the Juvenile Court was not a continuation of the original action in the Superior Court, but was an independent filing pursuant to the laws and statutes providing for charging delinquency in juvenile court. Turner does not claim nor does he show that improper procedures were used in the institution of the action in the Juvenile Court thereby giving that Court jurisdiction over Turner. The only claim Turner makes is that he was not properly waived by the Juvenile Court to adult criminal court. The record contains the Order of Waiver of the Juvenile Court and it appears to be in proper order. Again, Turner does not show that the Juvenile Court failed to comply with the statutes and the law in ordering waiver. Turner's argument attacks the trial judge's determination that the facts and circumstances warranted waiver. This was a matter within the discretion and determination of the trial judge and presents no viable issue for this Court since the only determinative

factor would be one of sufficiency of facts and circumstances to support the judge's determination. Since there is no showing that the Juvenile Court's waiver was improperly done, then pursuant to Ind. Code § 31–6–2–4, the St. Joseph Superior Court obtained jurisdiction over Turner in the present action.

## II

■ Turner claims the Prosecutor committed misconduct by first filing this case in the Superior Court. He claims this was a deliberate and intentional ploy by the Prosecutor to circumvent the jurisdiction of the Juvenile Court. There is no indication in the record that the Prosecutor knew Turner was a juvenile. Further, we see no advantage the Prosecutor might have hoped to gain by bringing such charges in adult court first. In support of his contention, however, Turner submits a letter, written by a police investigator seeking information from the FBI, which states the subject of this crime was a juvenile. Turner claims this supports his assertion that the Prosecutor knew Turner was a juvenile.

As we have pointed out, Ind. Code § 31–6–2–1(d) allows juveniles, age sixteen years or older, to be charged in criminal court for the crime of rape. Turner was two weeks short of being sixteen at the time this crime was committed, but was sixteen at the time charges were filed. The designation of him as a juvenile in the letter did not necessarily indicate that the officer writing the letter knew Turner was under sixteen years of age. He still was a juvenile since he was under eighteen years of age. Nothing was shown to infer that the police or the Prosecutor knew Turner was under sixteen at the time this crime was committed. When this fact was brought to the court's attention, the action was dismissed without objection from the Prosecutor. These facts do not reveal misconduct.

■ Turner further complains of the Prosecutor's obtaining from the Superior Court in the initial action, a search warrant to obtain blood, saliva, and fingerprint samples from Turner. Turner first claims these samples were taken without a proper waiver of his constitutional rights as required by *Lewis v. State* (1972), 259 Ind. 431, 288 N.E.2d 138 and Ind. Code § 31–6–7–3 (Burns 1980). He further claims the State failed to give notice to either himself or his parents regarding the search pursuant to Ind. Code § 31–6–8–1.5(e) (Burns 1985). Relying on our holding in *Lewis, supra,* Turner claims it was required he be afforded meaningful consultation with his parents before the police could execute the search warrant to perform these physical tests. The statutes and cases Turner refers to in support of his claim here deal with the waiver of constitutional rights in the context of custodial interrogation. These constitutional rights do not extend to the compulsory submission to purely physical tests such as giving blood samples, fingerprinting, and giving voice or handwriting exemplars. *Kalady v. State* (1984), Ind., 462 N.E.2d 1299, 1310; *Clark v. State* (1982), Ind., 436 N.E.2d 779, 781. This is especially true here since it appears the police substantially complied with the juvenile code in taking these physical tests. In the first instance they obtained a search warrant from the Superior Court based on a showing of probable cause. We do note the police could have obtained this search warrant whether or not the charges were initially filed in the Superior Court. Thus, this this does not necessarily indicate some covert plan of the Prosecutor in allegedly attempting to obtain evidence to which he was not otherwise entitled.

■ The statute providing for the fingerprinting and photographing of juveniles is Ind. Code § 31–6–8–1.5 (Burns 1985) reads:

Fingerprints and photographs—Limitations—Confidentiality—Expungement of other records.—(a) A law enforcement agency may take and file the fingerprints or photographs of a child for good cause shown to the court if:

(1) The child is taken into custody for an act of delinquency defined by IC 31–6–4(a)(1); and

(2) The child was over fourteen [14] years of age when the act was allegedly committed. However, a juvenile court

may, by general order, limit fingerprinting and photographing of children to situations in which children are charged with specified offenses.

(b) Fingerprint and photograph files of children shall be separated from those of adults. They are subject to the confidentiality provisions of IC 31-6-8-1.2.

(c) If latent fingerprints are found during the investigation of an offense, and if a law enforcement officer has probable cause to believe that they belong to a certain child, the officer may fingerprint that child and compare his fingerprints with the latent fingerprints.

(d) Upon written request of the child or his parent, guardian, or custodian, a law enforcement agency shall destroy or deliver to the child any of the child's fingerprints or photographs taken under subsection (a) that are within that agency's possession if:

(1) The child was taken into custody and no petition was filed against him;

(2) The petition was dismissed because of mistaken identity;

(3) The petition was dismissed because no delinquent act was actually committed; or

(4) The petition was dismissed for lack of probable cause.

However, if the child has a record of prior arrests or if another charge is pending against him, the law enforcement agency need not destroy his fingerprints or photographs.

(e) At the time the law enforcement agency takes a child's fingerprints or photographs, it shall give written notice to the child and his parent, guardian, or custodian of the child's rights under subsection (d). The agency shall comply with any request for destruction or surrender of the records within sixty (60) days of the request.

(f) Any law enforcement agency that has forwarded copies of fingerprints or photographs that it must destroy under subsection (d) to any agency of the United States, of any other state, or of this state, shall request in writing that all such copies be returned for destruction or for presentation to the child.

(g) Whenever fingerprints or photographs are expunged from the files of a law enforcement agency under subsection (d), no other information on the incident may be retained by the law enforcement agency. However, this does not require the alteration of any law enforcement record, such as a blotter entry made at the time of arrest, or of any record in the juvenile court. [IC 31-6-8-1.5, as added by Acts 1979, P.L. 276, § 50].

The evidence in this case showed that the police did in fact find fingerprints at the scene of this crime and had probable cause to believe they were Turner's since the victim knew Turner and identified him as the perpetrator. There was other evidence from other witnesses that also pointed to Turner. Subsection (c) of the above statute thus applies to the facts and circumstances of this case. Appellant claims the police violated subsection (e) of this statute inasmuch as no written notice was given to either Turner or his parents before the tests were performed. Appellant misconstrues the meaning of this section. Subsection (e) does not require notice as a prerequisite to taking fingerprints. Subsection (e) provides that notice will be given to the child and his parents of their rights under subsection (d). Subsection (d) clearly provides that the child has a right to have the fingerprints or photographs destroyed if the child is not later charged with delinquency or the petition is dismissed for mistaken identity, lack of a showing of a delinquent act, or a lack of probable cause. Subsection (d)(4) further provides the law enforcement agency need not destroy the fingerprints or photographs if the child has a record of prior arrests or if another charge is pending against him. Here, it appears from the record that no notice was given to Turner or his parents pursuant to subsection (e). However, since he *was* charged with a crime, the protections contemplated in subsection (d) never came about. Further, no prejudice is shown by the lack of such notice. Appellant wholly

fails to show prosecutorial misconduct that merits reversal.

### III

■ Turner next argues the trial court erred in refusing to grant him a continuance to obtain new counsel on the day of the trial, and further erred in refusing to allow him to represent himself.

A motion for a continuance based on nonstatutory grounds is within the trial court's discretion. *Crabtree v. State* (1984), Ind., 470 N.E.2d 725, 728; *Peters v. State* (1984), Ind., 470 N.E.2d 708, 711. Such motions, when made on the first morning of trial, are not favored because, if granted, they entail a waste of the work done in preparing a case for trial. *Bedgood v. State* (1985), Ind., 477 N.E.2d 869, 871. The last minute dismissal of counsel and subsequent request for a continuance to seek new counsel is an often used ploy for stalling the trial, and when this maneuver impedes sound judicial administration, there is no abuse of discretion to proceed without granting a further continuance. *Minneman v. State* (1984), Ind., 466 N.E.2d 438, 441, *cert. denied* 470 U.S. 1030, 105 S.Ct. 1402, 84 L.Ed.2d 789.

In this case, on the day of trial, Turner sought to replace his appointed counsel and hire a private attorney. Turner told the trial court he could not get along with his appointed attorney. The source of the disagreement was whether Turner should accept a plea bargain. The disagreement between the two had been going on for some time. The trial court, after questioning Turner extensively on this matter, found that Turner had adequate time to find new counsel if that was what he desired, and that his motion for a continuance came too late. We do not feel the trial court abused its discretion by denying Turner's motion.

After Turner's motion was denied, he asked to represent himself in the trial. Turner was allowed five minutes to talk in private with his father about the decision to proceed *pro se*. After the discussion with his father, Turner told the court he would proceed with his appointed counsel. We find no error here.

### IV

Finally, Turner claims his appointed counsel was ineffective for the following reasons. Turner and his counsel disagreed as to whether Turner should accept a plea bargain. Counsel failed to object to the introduction into evidence of the physical test results obtained pursuant to a search warrant. Counsel failed to object to the trial court's jurisdiction as was discussed in Issue I. Counsel failed to object to hearsay testimony offered by a nurse who was at the hospital where the victim was treated and to hearsay testimony offered by the victim herself. And, finally, counsel failed to strike a juror who had a D.U.I. charge pending in another court.

When a defendant claims he was afforded ineffective assistance of counsel, he must make the following showing. First, he must show counsel's performance was so deficient that it was as if counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment. Second, the defendant must show that counsel's performance prejudiced him to the extent that he was denied a fair trial. *Lawrence v. State* (1984), Ind., 464 N.E.2d 1291, 1294, *citing Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Turner has not carried his burden in this case.

■ Counsel's performance in this case was not deficient merely because he urged Turner to plea bargain. Counsel sought to suppress the physical test results, but the trial court denied the motion. Failure to prevail on an issue does not show incompetency of counsel. *Powell v. State* (1982), Ind., 440 N.E.2d 1114, 1118. As we stated in Issue I, the trial court had jurisdiction over Turner so objection by counsel would have brought him no relief. The hearsay testimony Turner complains of was not inadmissible hearsay because the declarants were available at trial and subject to cross-examination. *Patterson v. State* (1975), 263 Ind. 55, 58, 324 N.E.2d 482, 484–84. Furthermore, the same evidence was in the record from other witnesses and was therefore cumulative. Evidence which is merely cumulative is not

grounds for reversal. *Watkins v. State* (1984), Ind., 460 N.E.2d 514, 515. Finally, Turner has not shown us how he was prejudiced in any way by counsel's failure to strike a juror with a D.U.I. charge pending in another court. His claim of prejudice is based on speculation. Bare assertions of error are not available for review. *See Wagner v. State* (1985), Ind. 474 N.E.2d 476, 486. Since Turner has failed to carry his burden, there is no error here.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.