**Gary BECKER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–9405–CR–273.

Court of Appeals of Indiana, Second District.

Feb. 15, 1995.

Aaron E. Haith, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Dana A. Childress–Jones, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

FRIEDLANDER, Judge.

Gary Becker appeals his conviction for Rape,[1] a class B felony. Becker presents two issues:

I.  Did Senior Judge Buchanan properly preside over Becker's bench trial?

II. Did sufficient evidence exist to support Becker's conviction for rape?

We affirm.

The facts most favorable to the judgment are that in the early morning hours of Au-

---

1.  Ind.Code 35–42–4–1.

gust 4, 1992, L.C. was driving with J.D. Alexander and Becker from the Bottom's Up Bar & Lounge in Indianapolis. Not far from the bar, L.C.'s tire hit a median, causing damage to the car. Becker offered to walk back to the bar to pick up his truck. Upon Becker's return, the group proceeded to Alexander's residence to find a jack. As Alexander exited the truck, Becker drove off. When L.C. asked Becker where he was driving, he replied that they were going to his "buddy's" house to locate a tire. *Record* at 96. Rather than going to a friend's house, Becker drove to a lake near Post Road and stopped the truck. After parking, Becker leaned over and attempted to kiss L.C. L.C. refused Becker's advances by jumping out of the truck and trying to flee. Becker chased L.C., lifted her into the truck and raped her as she screamed and fought. After the rape, L.C. ran from the truck and hid in bushes near the lake. When Becker drove away, L.C. ran to a nearby gas station, where a customer called the police. L.C. reported the incident to the police and was taken by ambulance to Wishard Hospital.

The State charged Becker with rape, a class B felony. A bench trial was held, and Becker was found guilty. The trial court sentenced Becker to eight years of imprisonment, with four years suspended and two years probation.

### I.

Becker claims that Senior Judge Buchanan was improperly appointed and the trial court's judgment is therefore invalid. Ind. Code 33–2–1–8 grants the supreme court power to appoint senior judges and states in relevant part:

"(a) The supreme court may appoint a judge who is certified as a senior judge by the judicial nominating commission to serve a circuit court or a superior court if the court requests the services of a senior judge."

The appointment process of a senior judge is described at Ind.Code 33–4–8–1, *et seq.* The pertinent portions of IC 33–4–8–1 state:

"(b) A superior court may apply to the supreme court for the appointment of a senior judge to serve the court.

(c) The application submitted under this section must include the following:

(1) Reasons for the request.

(2) Estimated duration of the need for a senior judge."

Becker does not pinpoint the specific defect in Judge Buchanan's appointment, but generally argues that the record does not evidence compliance with the statutory provisions of Ind. Rules of Procedure, Criminal Rule 13 and IC 33–4–8–1. Becker failed to provide the order of appointment along with the record of the proceedings. Therefore, in accordance with Ind.Rules of Procedure, Appellate Rule 7.2(C)(2), we issued an order that the trial court supplement the record to include the appointment, which states: [2]

### "ORDER OF APPOINTMENT

Comes now the Honorable Webster L. Brewer, Judge of Marion Superior Court, Criminal Division 2, and, pursuant to IC 33–4–8–1, requests the appointment of the Honorable Paul H. Buchanan, Jr., as Senior Judge in Marion Superior Court, Criminal Division 2.

Upon examination of this request, we note that the caseload in Marion Superior Court, Criminal Division 2 is substantial and that the appointment of an additional judge will promote speedy justice. We further find that the Honorable Paul H. Buchanan, Jr. has been certified by the Indiana Judicial Nominating Commission under IC 33–2.1–4–17 and is qualified to serve.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED by this Court that the Honorable Paul H. Buchanan, Jr. is appointed as Senior Judge in Marion Superior Court, Criminal Division 2, until December 31, 1993, to serve on call of the regular judge of Marion Superior Court, Criminal Division 2. Pursuant to IC 33–4–8–5, the Honorable Paul H. Buchanan, Jr.

---

**2.** We note that the State included a certified copy of the order of appointment in an appendix to its brief and requested us to take judicial notice of the appointment. This court, however, is forbidden to consider evidence outside the record. *See Turner v. State* (1987), Ind., 508 N.E.2d 541.

may not be compensated as a senior judge for more than one hundred (100) calendar days in the aggregate during this calendar year.

The Clerk of this Court is directed to forward a copy of this Order to the Honorable Webster L. Brewer, Judge of Marion Superior Court, Criminal Division 2; the Honorable Paul H. Buchanan, Jr.; to the Honorable Evan Bayh, Governor of the State of Indiana; the Honorable Ann G. Devore, Auditor of the State of Indiana; the Auditor of Marion County; the Clerk of the Marion Circuit and Superior Courts for entry in the Record of Judgments and Orders; and Mr. Bruce A. Kotzan, Executive Director, Division of State Court Administration.

DONE at Indianapolis, Indiana, this 14th day of April, 1993.

> s/s Randall T. Shepard
> Randall T. Shepard
> Chief Justice of Indiana"

*Supplemental Record.*

■ We conclude that the Order of Appointment was made in accordance with IC 33–4–8–1(b) and (c) and IC 33–2–1–8. Additionally, Becker's request for relief fails regardless of whether the appointment was defective. The Supreme Court recently held in the consolidated opinion of *Floyd v. State of Indiana* (1994), Ind., 650 N.E.2d 28, that a defendant's failure to object to the jurisdiction of a court officer operates as a waiver of the issue on appeal.[3] Becker did not object to Senior Judge Buchanan's appointment at trial and he therefore waives the issue upon appeal.

II.

■ Becker argues the evidence does not support the rape conviction. Our test for sufficiency of the evidence requires that we neither weigh the evidence nor resolve ques-

tions of credibility. We look only to the evidence of probative value and the reasonable inferences to be drawn therefrom which support the verdict. *Jones v. State* (1992), Ind., 589 N.E.2d 241, 242. Becker contends that L.C.'s claims of resistance are "rather dubious, as was illustrated on her cross examination" and by the fact that she had been drinking alcohol on the night of the rape. Appellant's Brief at 13. Additionally, Becker maintains the record includes evidence of equivocal conduct by L.C. which he reasonably could have interpreted as consent. Despite Becker's assertions to the contrary, these arguments invite us to reweigh the evidence and judge witness credibility. The evidence supporting the verdict shows that Becker lied to L.C. about where he was taking her and drove her to a secluded area. When L.C. resisted Becker's advances, Becker chased her, lifted her into the truck and forced intercourse upon her as she screamed and fought. We conclude that sufficient evidence was presented to sustain Becker's conviction.

Judgment affirmed.

KIRSCH and STATON, JJ., concur.

---

3. In *Floyd,* the Supreme Court resolved the conflict in the Court of Appeals concerning the validity of judgments entered by judicially appointed court officers whose appointments are challenged. The six cases decided with *Floyd* include *Manley v. State of Indiana* (filed Dec. 30, 1994), Ind. No. 45S03–9412–PC–1283, *Briscoe v. State of Indiana* (filed Dec. 30, 1994), Ind. No. 45S03–9412–PC–1283, *Dearman v. State of Indiana* (filed Dec. 30, 1994), Ind. No. 45S03–9412–PC–1283, *Hatcher v. State of Indiana* (filed Dec. 30, 1994), Ind. No. 45S03–9412–PC–1283, *Marlett v. State of Indiana* (filed Dec. 30, 1994), Ind. No. 45S03–9412–PC–1283, and *Roby v. State of Indiana* (filed Dec. 30, 1994), Ind. No. 45S03–9412–PC–1283.