**CHESTERFIELD MANAGEMENT, INC.,**
**Paul L. Kozell and Patricia Kozell,**
**Appellants–Plaintiffs,**

v.

**Virgil E. COOK, Appellee–Defendant.**

No. 48A02–9410–CV–607

Court of Appeals of Indiana.

Aug. 31, 1995.

Rehearing Denied Oct. 19, 1995.

Joseph P. Hunter, Quirk & Rivers, Muncie, for appellant.

James E. Freeman, Jr., John W. Longnaker, III, Sansberry, Dickmann, Freeman & Builta, Anderson, for appellee.

## OPINION

KIRSCH, Judge.

Chesterfield Management, Inc. leased commercial real estate at 2010B Mounds Road in Anderson from Virgil Cook. The term of the lease, with an extension, was from January 1, 1983 to December 31, 1992. Paul and Patricia Kozell personally guaranteed the lease. When Chesterfield surrendered the real estate to Cook at the end of the lease term, the real estate's condition, according to Cook, violated a covenant that it be surrendered in good condition. Chesterfield and the Kozells (collectively, the Tenants) refused to pay Cook for the cost of restoring the real estate to its pre-lease condition, and Cook filed for arbitration of their dispute as provided for in the lease.

The Tenants filed a complaint with the trial court to stay arbitration, contending that the arbitration agreement had expired and that Cook had not satisfied necessary conditions precedent to seeking arbitration under the lease. The trial court denied the Tenants' application for stay of arbitration and dismissed their complaint, finding that the parties had a binding agreement to arbi-

trate disputes arising under the lease and that the dispute between the parties was properly left to arbitration.

We affirm.

## ISSUES

Through various motions and their Briefs, the parties raise a wide variety of issues which we restate as:

1. Whether the trial court's denial of the Tenants' application for stay of arbitration is an appealable final order?

2. Whether Cook improperly included argument in his Statement of the Facts and improperly supplemented the record on appeal with documents which were not filed with the trial court and were not part of the record before it?

3. Whether the parties' agreement to arbitrate disputes under the lease survives the lease's termination?

4. Whether Cook failed to satisfy a condition precedent to arbitration of the parties' dispute?

## DISCUSSION AND DECISION

### Issue One: Appealability of Trial Court Order

Cook argues that the trial court's order denying the Tenants' application for stay of arbitration is not appealable because it is interlocutory and was not certified pursuant to either Ind.Appellate Rule 4(B)(6) or Ind.Trial Rule 54(B). Although we earlier denied Cook's motion to dismiss the appeal based upon the same argument, we write here to provide future guidance to counsel.

■ T.R. 54(B) provides that a judgment or order which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all of the parties in an action is interlocutory, not final, and is not appealable unless "the court in writing expressly determines that there is no just reason for delay, and in writing expressly directs entry of judgment...." T.R. 54(B). The clear purpose of the rule is to avoid piecemeal litigation and appeal of the various issues involved in a case. *See Wolff v. Slusher* (1974), 161

Ind.App. 182, 187, 314 N.E.2d 758, 761. The rule also protects against the appeal of orders that are not final, thereby preserving judicial economy.

■ Here, although the trial court's order lacks some of the detail generally required in a judgment, it disposed of all claims of all of the parties and, therefore, was a final appealable order. *See Evansville–Vanderburgh Sch. Corp. v. Evansville Teachers Ass'n* (1986), Ind.App., 494 N.E.2d 321, 323–24 ("[A]n order compelling arbitration is an appealable final order in an action solely for that purpose because such an order has fully decided the issue before the court."). The Tenants have the right to appeal from the trial court's order denying their application for stay of arbitration.

### Issue Two: Inclusion of Argument in Statement of Facts and Consideration of Unfiled Documents on Appeal

The Tenants have moved to strike portions of Cook's Brief of Appellee and the Appendix to Brief of Appellee that Cook filed with his Brief. The Tenants contend that Cook's Statement of the Facts is impermissibly argumentative; they also complain that Cook has included in an appendix to his Brief various documents which were not filed with the trial court below and, thus, were not included in the Record on appeal. The items which were not filed with the trial court are a letter from the Tenants to Cook, copies of photographs of the leased premises, and various documents Cook filed with the arbitrator (referred to collectively as the Unfiled Documents). Some of the arguments Cook makes in his Brief rely upon the Unfiled Documents.

■ We agree that portions of Cook's Statement of the Facts are argumentative; their argumentative nature prevented us from relying upon them in considering the parties' arguments and impeded our consideration of this appeal. We do not find, however, that Cook's Statement of the Facts is so infected with argument as to warrant striking it. *See Thiele v. Faygo Beverage, Inc.* (1986), Ind.App., 489 N.E.2d 562, 568 n. 3, *trans. denied.* Our denial of the Tenants'

motion to strike the argumentative portions of Cook's Statement of the Facts in no way expresses a tolerance of appellate rule violations.

■ Cook's attempt to interject the Unfiled Documents into this appeal is also improper. On appeal from a judgment entered without special findings, we will affirm the judgment if it can be sustained on any legal theory supported by the evidence before the trial court. *See Olsson v. Moore* (1992), Ind. App., 590 N.E.2d 160, 162. But the trial court can decide the issues only upon that evidence which is properly brought before it and placed in the record, and we are bound by that record on appeal. *Harris v. Primus* (1983), Ind.App., 450 N.E.2d 80, 83. The Unfiled Documents had not been filed with the trial court when it ruled on the Tenants' application for stay of arbitration and so they were not included in the record of proceedings. Because the Unfiled Documents were not included in the record pursuant to Ind.Appellate Rule 7.2, they are outside the record on appeal and cannot be used in support of Cook's arguments. *See Turner v. State* (1987), Ind., 508 N.E.2d 541, 543.

■ Cook argues that the Unfiled Documents "were properly filed with this Court pursuant to Appellate Rule 8.2( [A] )(4) which allows the submission of 'other material deemed useful' in a separately bound appendix to the Appellee's Brief." Our supreme court has rejected this argument, noting that: "It is clear this rule contemplates the submission of record material or material deemed useful that may be placed in an appendix to a brief *that is a part of the proper record of proceedings and is properly filed and certified by the clerk and the judge." Id.* (emphasis added). Factual material which was not part of the record in the trial court cannot be made part of a case on appeal merely by including it in an appendix to a party's brief.

Cook also seeks to avoid the Tenants' objection regarding the Unfiled Documents by asking this court for leave to file an affidavit of counsel which recites events of the dispute between the Tenants and Cook and identifies the Unfiled Documents. According to Cook, the affidavit is submitted pursuant to Ind.Ap-

pellate Rules 7.2(C) and 15(J) and, thus, is properly before this court on appeal.

■ Cook misinterprets these rules. App.R. 7.2(C) allows the record to be supplemented on appeal to "truly disclose[ ] what occurred in the trial court ... [i]f anything material to either party is omitted from the record or is misstated therein...." As the Unfiled Documents were never before the trial court, their exclusion from the Record on appeal is neither an omission nor a misstatement of the record. App.R. 7.2(C) does not authorize including in the Record evidence that was never before the trial court.

■ App.R. 15(J) is likewise inapplicable. That rule provides that: "All questions of fact to be determined by the court on appeal shall be tried by affidavits, or otherwise as the court may direct." The rule does not apply, as there are no questions of fact to be determined in this case on appeal.

We, therefore, deny Cook's Motion for Leave to File Affidavit. We also grant, in part, the Tenants' Motion to Strike, and hereby strike pages 1 through 14 and pages 24 through 29 of Cook's Appendix to Brief of Appellee and his arguments based upon those pages.

### Issue Three: Did the agreement to arbitrate survive the expiration of the lease?

The lease between Chesterfield and Cook was for a fixed term which ended on December 31, 1992. The Tenants neither challenge the validity of the lease which contained the arbitration agreement nor attempt to repudiate it. Instead, they contend that their disputes with Cook arose after the lease's expiration and, thus, are not subject to the arbitration agreement because that agreement expired with the lease. We disagree.

■■ Where a court is asked to compel or stay arbitration, it faces the threshold question of whether the parties have agreed to arbitrate the particular dispute. *See St. John Sanitary Dist. v. Town of Schererville* (1993), Ind.App., 621 N.E.2d 1160, 1162. In answering this question, the court decides whether the dispute, on its face, is within the language of the arbitration provision. *Id.*

The Lease's arbitration clause provides in part that "[a]ny dispute under any of the paragraphs of this Lease shall be settled by arbitration. . . ." *Record* at 36. Indiana recognizes a strong policy favoring enforcement of arbitration agreements, and arbitration agreements will be interpreted in light of that policy. *See PSI Energy, Inc. v. Amax, Inc.* (1994), Ind., 644 N.E.2d 96, 98–99; *St. John Sanitary Dist.*, 621 N.E.2d at 1162. Viewed in that light, the broad language of the lease's arbitration agreement was clearly intended to apply to all disputes under the lease, including those which arose after the lease term expired. *See State ex rel. Ranger Fuel Corp. v. Lilly* (1980), 165 W.Va. 98, 102, 267 S.E.2d 435, 437 ("It is the general rule that the duty to arbitrate under an arbitration clause in a contract survives the termination of the contract.").

### Issue Four: Did Cook fail to perform a condition precedent to invoking the arbitration clause

Finally, the Tenants contend that Cook's right to arbitrate their dispute is subject to a condition precedent and Cook has no right to seek arbitration of the parties' dispute because he failed to satisfy that condition. The Tenants find their condition precedent in Section 13 of the Lease. That section contains the Tenants' obligations to maintain the leased premises in a clean and safe condition, make necessary repairs, and surrender the leased premises to Cook in good condition at the end of the lease term (collectively, covenants against waste). The Section also contains a remedy for the Tenants' breach of those covenants:

> "If TENANT fails to perform its obligation hereunder, LANDLORD may, but shall not be obligated to, perform TENANT'S obligations or perform work resulting from TENANT'S acts, actions or omissions and add the cost of the same to the next installment of minimum monthly rent due hereunder. *TENANT will not be responsible for any such cost unless it has written notice from LANDLORD and at least thirty (30) days to correct any such maintenance or repairs.*"

*Record* at 18 (emphasis added). The Tenants argue that this is Cook's sole remedy for the Tenants' breach of any of the covenants against waste found in Section 13 of the lease. Because Cook has not provided the requisite thirty days' notice, according to the Tenants, he cannot seek arbitration of the parties' dispute over the Tenants' breach of the covenants against waste.

Generally, the parties to a contract may include in it any terms they wish, so long as those terms do not offend the public policy of this state. *Orr v. Westminster Village North, Inc.* (1995), Ind.App., 651 N.E.2d 795, 798. Thus, parties to an arbitration agreement could, if they wished, make the right to seek arbitration subject to a condition precedent. Here, the language of the arbitration agreement is particularly broad and includes no condition precedent to invoking it, the arbitration clause simply provides that "[a]ny dispute under any of the paragraphs of this Lease shall be settled by arbitration. . . ." *Record* at 36.

A lease is construed in the same way as is any other contract. *Whiteco Industries, Inc. v. Nickolick* (1991), Ind.App., 571 N.E.2d 1337, 1339, *trans. denied.* We will give effect to the parties' intent as shown by their written expression in the lease. *See Edward Rose of Indiana v. Fountain* (1982), Ind.App., 431 N.E.2d 543, 546. We will read the lease as a whole to ascertain its intended meaning, and in so doing we give the words of the lease their ordinary and common meaning unless a different meaning is clear from the lease's subject matter. *Ogilvie v. Steele by Steele* (1983), Ind.App., 452 N.E.2d 167, 170.

Reading the lease as a whole, we cannot agree with the Tenants that the written notice provision applies to any remedy except the one in which it was included. The language of the remedy itself shows that it was not intended to be Cook's sole remedy for the Tenants' breach of lease covenants: "LANDLORD may, but shall not be obligated to. . . ." That alternate remedies for breach of the lease's covenants exist is shown by Section 28(F) of the lease: "All rights and remedies of [Cook] herein enumerated shall be cumulative, and none shall exclude any other remedies allowed at law or in equity." *Record* at 30. The inclusion in the lease of covenants against the Tenants committing

waste on the leased premises gives Cook a remedy for violation of those covenants. *See Sigsbee v. Swathwood* (1981), Ind.App., 419 N.E.2d 789, 796–97.

Furthermore, if Cook's sole remedy for the Tenants' breach of covenants against waste was to repair the damage himself and add the cost of that repair to the next rent installment, then Cook would have no remedy at all for the Tenants' breach of the covenant to surrender the leased premises in good repair as no installment of rent would then be due. This interpretation, which provides for an obligation without a remedy for its breach, is clearly an unreasonable interpretation of the lease and we reject it. Instead, we find that the requirement of thirty days' written notice applies only to the specific remedy clause in which it is found and that requirement need not be met if Cook seeks any other remedy under the lease.[1] Thirty days' written notice, therefore, is not a condition precedent for Cook to seek arbitration of the parties' dispute under the lease.

There is, however, a technical omission in the trial court's order on the Tenants' application for stay of arbitration. Pursuant to the statute, if the trial court finds against the party requesting the stay, then "the court shall order the parties to proceed to arbitration." IC 34-4-2-3(b). The trial court here dismissed the case without ordering the parties to arbitration. We, therefore, affirm the trial court's denial of the Tenants' application for stay of arbitration and remand to the trial court for entry of an order directing Cook and the Tenants to proceed to arbitration on the issues raised by Cook in his Demand for Arbitration.

Affirmed.

FRIEDLANDER and GARRARD, JJ., concur.

---

1. Even if Cook elects to pursue his Section 13 specific remedy, determination of whether Cook provided proper notice is for the arbitrator. The entire lease is subject to a valid arbitration provision, and "when a valid contract contains a broad arbitration clause, resolution of disputes about various other clauses should be through arbitration." *PSI Energy, Inc. v. Amax, Inc.* (1994), Ind., 644 N.E.2d 96, 99.