**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Oct 01 2013, 9:44 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANTS:

**MICHAEL L. MUENICH**
Griffith, Indiana

ATTORNEY FOR APPELLEE CIRCLE R ELECTRIC, INC.:

**MATTHEW J. HAGENOW**
Newby, Lewis, Kaminski & Jones, LLP
LaPorte, Indiana

ATTORNEY FOR APPELLEE DeBOER EGOLF CORPORATION:

**BRIAN J. HURLEY**
Douglas Koeppen & Hurley
Valparaiso, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRANT CONSTRUCTION, LLC; and DUNE HARBOR, LLC, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| vs. | ) | No. 64A03-1204-CC-159 |
| | ) | |
| CIRCLE R ELECTRIC, INC.; DeBOER EGOLF CORPORATION; AUDITOR, PORTER COUNTY, INDIANA; FIRST NATIONAL BANK OF ILLINOIS; and WACHOVIA FINANCIAL SERVICES, INC., | ) | |
| | ) | |
| Appellees. | ) | |

APPEAL FROM THE PORTER SUPERIOR COURT
The Honorable Mary R. Harper, Judge
Cause No. 64D05-0907-CC-7800

**OPINION ON REHEARING - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellants Dune Harbor, LLC ("Dune Harbor") and Brant Construction, LLC ("Brant") (collectively, "Appellants") petition for rehearing, urging this court to issue a ruling on its verified "Motion to Ratify Clerk's Inadvertent Consolidation of Appeals and for Consolidated Briefing Schedule" ("the Motion"). If we grant the Motion, that grant would ratify the consolidation of its appeal from the trial court's entry of judgment in favor of Appellee Circle R Electric ("Circle R") with its appeal from the judgment entered in favor or Appellee DeBoer Egolf Corporation ("DeBoer Egolf") (collectively, "Appellees"). Appellants also request that we clarify on rehearing that our previous decision regarding its contracts with Circle R should apply with equal force to its contracts with DeBoer Egolf. We grant Appellants' petition for rehearing, deny the Motion as moot, and conclude that Appellants have not established that our previous decision can extend to cover their contracts with DeBoer Egolf.

## FACTS AND PROCEDURAL HISTORY

Appellees contracted to do work on land owned by Dune Harbor on a project for which Brant served as the general contractor. Appellees contracted with both Dune Harbor ("the Dune Harbor Contracts") and Brant ("the Brant Contracts") and performed work pursuant to the contracts. Dune Harbor subsequently experienced financing problems, and

Appellees were not paid.

Circle R filed suit against Appellants, later amending its complaint to include DeBoer Egolf, which had filed mechanic's liens against Dune Harbor's property. Appellants moved for summary judgment on the bases that (1) Circle R had not sought arbitration as required by the contracts and (2) payment to Circle R was not due pursuant to the Brant Contracts because Dune Harbor had never paid Brant. On December 21, 2012, the trial court entered summary judgment in favor of Circle R. On April 30, 2012, Appellants agreed to a stipulated judgment with DeBoer Egolf which provided, in part, a money judgment in the amount of $109,968.75 against Appellants jointly and severally and that Appellants reserved the right to appeal the judgment.

On May 17, 2012, Appellants filed an amended notice of appeal from the Circle R judgment. On May 21, 2012, Appellants filed a notice of appeal from the DeBoer Egolf judgment. It is not disputed that the Clerk of Courts filed the DeBoer Egolf appeal under the Circle R appeal cause number. On June 21, 2012, Appellants filed the Motion, in which they contended that "the issues in both the Circle R and DeBoer Egolf appeal are substantially identical[.]" Motion p. 2. In their appeal, Appellants contended that the trial court erred in not enforcing the arbitration clauses and the contingent payment clauses of the Brant Contracts. In a memorandum decision issued on May 24, 2013, concluding that the trial court should have enforced the arbitration clauses of the Brant Contracts, we reversed the trial court's entry of summary judgment in favor of Circle R as against Brant. *See Brant Constr., LLC et al. v. Circle R Electric, Inc. et al.*, Cause No. 64A03-1204-CC-159, slip op.

3

at 6 (May 24, 2013). We also affirmed the trial court's entry of summary judgment in favor of Circle R as against Dune Harbor and remanded for the calculation of attorneys' fees. *Id*. Our decision, however, failed to address Appellants' properly raised and contested claim that any decision regarding their contracts with Circle R should also apply with equal force to their contracts with DeBoer Egolf.

## DISCUSSION AND DECISION

### I. The Motion

There is no dispute that the Clerk's Office assigned the same cause number to Appellants' separately-filed appeals from the DeBoer Egolf and Circle R judgments, effectively consolidating them. As the two appeals are already effectively consolidated and no party objects to this consolidation, we see little reason to grant the Motion. Appellants' "Motion to Ratify Clerk's Inadvertent Consolidation of Appeals and for Consolidated Briefing Schedule" is therefore denied at moot.

### II. Whether our Previous Decision Applies to the DeBoer Egolf Contracts

Appellants argue that our previous decision regarding their contracts with Circle R should apply with equal force to their contracts with DeBoer Egolf. Because our previous decision was based entirely on language in the Brant and Dune Harbor contracts, Appellants would have to establish that their contracts with DeBoer Egolf contained the same relevant language. That contractual language, however, does not appear anywhere in the record on appeal, as Appellees point out and Appellants acknowledge. As such, we must conclude that

4

Appellants have not established that our previous decision can apply to the DeBoer Egolf contracts.

> It is the duty of an appellant to present a record that is complete and that supports his claim of error so that an intelligent review of the issues may be made. An appellant must see that the record of proceedings contains all pleadings, papers, and transcripts of testimony which disclose and have any bearing on the error he is alleging. Any error alleged but not disclosed by the record, or any matter not contained in the record, will not be a proper subject for review.

*Turner v. State*, 508 N.E.2d 541, 543 (Ind. 1987) (citations omitted).

Appellants point to various statements made in filings to support its argument. The Motion contained the following contention: "[T]he issues in both the Circle R and DeBoer Egolf appeal are substantially identical[.]" Motion p. 2. Appellants asserted in their brief, *inter alia*, that the stipulated judgment was agreed to "with the understanding that the legal issues regarding liability would be preserved and addressed through this combined appeal." Appellants' Br. p. 3. In their reply brief, Appellants noted that "it is undisputed that [DeBoer] Egolf's contracts included the same arbitration provision and the same contingent-payment clause [as Circle R's.]" Appellants' Reply Br. p. 18. While DeBoer Egolf does not dispute the veracity of some of these statements, unlike the Circle R contracts, the DeBoer Egolf contracts were not designated in the record on appeal. DeBoer Egolf correctly argues that we may not consider contractual language that does not appear in the record. *See Turner*, 508 N.E.2d at 543. Consequently, we may not extend the scope of our original

5

decision to cover the DeBoer Egolf judgment, and so affirm the DeBoer Egolf judgment in all respects.[1] We leave our original disposition of this case undisturbed in all other respects.

---

[1] Appellants make no other claim regarding the DeBoer Egolf judgment.