## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 19 2020, 9:29 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. O'Connor
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Decharla K. Boatman,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 19, 2020<br>Court of Appeals Case No.<br>19A-CR-2934<br>Appeal from the Marion Superior Court<br>The Honorable Angela Dow Davis, Judge<br>Trial Court Cause No.<br>49G16-1811-F6-41621 |

**Altice, Judge.**

## Case Summary

Following a jury trial, Decharla Boatman was convicted of Level 6 felony criminal recklessness and Class A misdemeanor battery. She asserts that the trial court abused its discretion when it denied her request for a continuance on the morning of trial and that, as a result of the denial, she was denied her Sixth Amendment right to counsel.

We affirm.

## Facts & Procedural History

Boatman and D.W. have a minor child together. On August 12, 2018, Boatman went to a restaurant to meet D.W. and D.W.'s father (Grandfather), who had been helping to transport the child for visits. They were meeting to discuss visitation and transportation issues. Boatman sat at a table across from D.W. and Grandfather. At some point, Boatman became angry and slapped D.W. in the face. She also, while standing, reached into a purse or backpack, pulled out a loaded handgun, and began to raise it. Grandfather grabbed Boatman's hands, pointed them upward, and was able to remove the weapon from her grasp. Boatman begged Grandfather to return it to her, but he refused. Boatman left the restaurant, and police were called to the location.

On November 28, 2018, the State charged Boatman with Level 6 felony pointing a firearm, Level 6 felony criminal recklessness, and Class A misdemeanor battery. Boatman appeared at the February 7, 2019 initial hearing, and the court ordered a public defender to represent her. The next day,

attorney Scott Gill of the Marion County Public Defender Agency filed his appearance on her behalf.

[5]  Boatman failed to appear for the first pre-trial conference on March 4. The court took under advisement the issuance of a bench warrant and re-set the matter for March 7, and Boatman appeared for that hearing. When Boatman failed to appear at an April 1 pretrial conference, a warrant was issued but was recalled the same day, and the matter was re-set for a later date in April. Thereafter, Boatman appeared late for a July 1 pretrial conference.

[6]  On August 12, Omar Ghani of the Marion County Public Defender Agency filed his appearance on Boatman's behalf.[1] At a September 16, 2019 pretrial conference, the case was set for trial on Wednesday, November 6, with the final pretrial on Monday, November 4. At the final pretrial hearing, Ghani responded affirmatively to the court that the defense was ready to proceed to trial on November 6, as did the State. The intervening day between the final pretrial and trial, Tuesday, November 5, was Election Day, a holiday.

[7]  At 5:16 p.m. on November 4, after the final pretrial hearing, private attorneys Tom F. Hirschauer III and Kyle Swick filed their appearance on behalf of Boatman. At 5:56 p.m. that day, Hirschauer filed a motion to continue the jury trial. The motion stated, "Due to being recently retained, Counsel and all other

---

[1] It appears attorney Gill remained on record as counsel for Boatman as well.

attorneys at Keffer Hirschauer LLP have conflicts during the time of the Jury Trial." *Appellant's Appendix* at 124.

[8] On the morning of November 6, the jury trial was called to order at 8:51 a.m. Boatman, who had been ordered to appear for trial at 8:30 a.m., was not present, nor was Hirschauer, although an unnamed attorney from his office was, explaining that Hirschauer was in Johnson County at an all-day jury trial. The trial court stated that the case, pending since 2018, had been confirmed two days prior for jury trial, and "I am not granting a continuance[.]" *Transcript* at 4. The court directed unnamed counsel to find Boatman and get her to court immediately and also directed that the appointed public defender, whose appearance had not been withdrawn, come to court for trial. The court briefly recessed and reconvened at 9:32 a.m., at which time the trial court advised Boatman, now present, as follows:

> Ms. Boatman, you are going to trial today. You have the choice of having the lawyer that you just hired, but it's somebody in his office[.] . . . You cannot hire an attorney at the very last second. You came to court on Monday. It was set for a final pretrial, and you, through your attorney, said, ready. So you are going to trial with your public defender. You can have two options. You can have the lawyer sit with the public defender or they can return the money and you will go with the public defender, but you are going to trial today.

*Id.* at 5. The unnamed attorney stated that, after having spoken with Boatman, the Hirschauer firm was orally moving to withdraw, and the trial court granted the motion.

[9] Thereafter, Ghani and co-counsel Chris Collman,[2] who were now present in court, engaged in a lengthy dialogue with the trial court, expressing that they were not prepared to go to jury trial that day and desired a continuance. They explained that on or near the November 4 pretrial, they had divided trial preparation duties between them, intending to do the trial prep on the November 5 Election Day holiday, but that when they received e-notice on November 4 that Hirschauer's firm had filed an appearance, they believed that the case was now being handled by private counsel and they could not speak with Boatman. *Id.* at 8. Therefore, they explained, they did not do any work on the case on November 5. The trial court asked Collman and Ghani whether they had spoken to or given the case file to private counsel, and they replied that they had not. The court stated that it was denying any continuance, advising, "When people say 'ready', I expect . . . that the case is ready for trial. . . . That's why I set a final pretrial so close to the jury date." *Id.* at 8. Collman noted, "Ms. Boatman elected to hire private counsel and she should have that right[,]" to which the court replied, "And she would have to do it not the evening before the trial after it's set for jury." *Id.* at 13.

[10] Ghani and Collman urged that by not allowing a continuance, the court was violating Boatman's Sixth Amendment right to effective counsel, and they asked to make a record, which the trial court permitted but first stated:

---

[2] The record reflects that Collman, also with the Marion County Defender Agency, had agreed on or around November 4 that he would "sit as second chair" for trial. *Transcript* at 8.

Hold on. I'm going to make the record as to what the Court sees and then I'll let you respond. This case has been set since February of 2019. I think it's a 2018 case. . . . The Public Defender continuously represented her. I never had a motion to withdraw. I understand that after court was closed on Monday [November 4], after the final pretrial where the parties, both parties, including the Defendant, said that they were ready for trial and yesterday was an election day. The courts were closed. Motions in limines were done. Final witnesses were done. And discovery was completed by the Defense. Private lawyer put his appearance in at 5:00 p.m. No one notified me, . . . I have access to court email[.] . . . [T]he Public Defender never even gave the discovery to the private lawyer and the private lawyer withdrew [today] at 9:00 a.m. So, the Court is proceeding with trial today and allowing that lawyer to withdraw his appearance this morning.

*Id*. at 12-13.

[11]    Ghani and Collman then made their record.

As the Court's well aware, as public defenders we carry a heavy caseload. We're in court a lot. And a lot of the time unfortunately our preparation occurs during the last 24 to 48 hours ahead of trial. That's what was going to happen in this case specifically because Tuesday was a court holiday and it was Mr. Ghani's and my [] intention to complete preparation whenever he indicated on Monday that we were ready to go. Again, Judge, we have the parts necessary at this point in time to become ready prior to trial. Not if the – if the Judge were to call the jury in in this very given moment, we'd be ready to go, Judge. That's not what anyone means at a final pretrial conference when they confirmed. It's not what we meant in this case either.

\*\*\*

Again, with the Court holiday, Judge, that would have been the time at which we would have been and had planned to be in communication with Ms. Boatman regarding her decision to testify or not to testify, how to conduct voir dire, theme and theory of our case, what questions to ask of what witnesses. . . . Again, . . . once Ms. Boatman had an attorney file an appearance, we were for all intents and purposes from Monday afternoon barred by the Rules of Professional conduct from having any communication with her as she was a represented party, Judge.[3]

. . . Additionally, we did not notify the Court because we assumed that private counsel's filing and appearance was notification for the Court[,] and we did not turn over file to the private attorney because no request was made.

***

In a normal circumstance we would be prepared for trial. However, considering the circumstances, we need more time to be able to continue to prep this trial. We're not asking for an exorbitant amount of time. We're just asking for a reasonable amount of time.

*Id*. at 13-16. The State indicated it was ready to proceed with trial but had no objection to a continuance.

---

[3] Later during trial, the court stated that it had reviewed the Rules of Professional Conduct and that defense attorneys were not precluded under the Rules from communicating with Boatman or the new, private counsel: "You're not prohibited by the rules. It's not attorney/client privilege if you're talking about the aspects of a case when you're on the same side." *Transcript* at 85. Counsel did not disagree.

The court, in response to defense counsels' request for more time, stated:

> If you get a continuance, [Boatman] is going into custody. She has missed court three times. She was an hour late for trial. So, I will take her into custody and then you can tell me when you're ready. And the Public Defender will be charged for the jury. I have the jury downstairs that I have ordered. She has missed court on February 1, 2019. She missed court on . . . July the 1st of 2019, and she missed court this morning, was an hour late.

*Id*. at 16. Defense counsel did not further press for a continuance and proceeded with trial.

At trial, defense counsel questioned potential witnesses, addressed motions in limine, cross-examined witnesses, posed objections, and presented closing argument. The jury acquitted Boatman of Level 6 felony pointing a firearm and convicted her of Level 6 felony criminal recklessness and Class A misdemeanor battery. The court sentenced Boatman to 545 days for the Level 6 felony conviction, suspending 500 days and giving credit of 45 days for time served, and imposed a concurrent 180 days, all suspended, for the Class A misdemeanor conviction. Boatman now appeals.

## Discussion & Decision

### I. Sixth Amendment

Boatman argues that her Sixth Amendment right to counsel was violated when "the trial court refused to grant her a continuance on the day of trial." *Appellant's Brief* at 16. The Sixth Amendment guarantees to every criminal defendant the right to the effective assistance of counsel. *Lewis v. State*, 730

N.E.2d 686, 688 (Ind. 2000). Boatman does not raise an ineffective assistance claim under the two-part test set forth in *Strickland*,[4] where the defendant must show that counsel, first, performed deficiently and, second, prejudiced her as a result of that performance. Rather, she argues that her situation falls under *United States v. Cronic*, 466 U.S. 648, 659-60 (1984). As our Supreme Court has recognized, *Cronic* delineates three circumstances that avoid the *Strickland* requirement that a defendant establish both deficient performance and actual prejudice: (1) when there is a complete denial of counsel; (2) when there is a complete failure by counsel to subject the State's case to meaningful adversarial testing; or (3) when the circumstances are such that "although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." *Ward v. State*, 969 N.E.2d 46, 77 (Ind. 2012) (quoting *Cronic*, 466 U.S. at 659-60); *Harrison v. State*, 707 N.E.2d 767, 774 (Ind. 1999).

[15] Boatman urges that defense counsel did not have an opportunity to prepare questions for voir dire or cross-examination, had not discussed with Boatman whether she would testify, had not put together the theory of the case, and "[c]learly, the loss of the intervening 36 or so hours between the time that substitute counsel appeared and then withdrew from the case deprived defense

---

[4] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

counsel of the time required to properly prepare the case for trial." *Appellant's Brief* at 19. We find, however, that Boatman's claims do not fall into any of the three situations that would raise a presumption of ineffectiveness.

[16]  Here, attorneys from the Marion County Public Defender Agency had been continuously representing Boatman since the case's inception. During the course of the case, Boatman's counsel conducted discovery, deposed one or more witnesses, and filed witness and exhibit lists and a motion in limine. Two attorneys from that agency were present for trial, questioned jurors during voir dire, made an opening statement, cross-examined witnesses, objected to evidence, and presented closing argument, during which counsel argued that while the videotape of the incident showed Boatman pulling out a gun, it was too grainy to see if she pointed it directly at someone as required for Level 6 felony pointing a firearm. The jury acquitted Boatman of that charge. The circumstances of this case do not show that Boatman was deprived of any meaningful opportunity to subject the State's evidence to adversarial testing. Accordingly, we are not persuaded that Boatman's case falls within the narrow exceptions of *Cronic*.[5]

---

[5] Boatman argues that the trial court knew and expressly recognized that counsel was not ready for trial. In support of that proposition, she refers us to the following exchange between counsel and the court in which the court stated if a continuance was granted, Boatman would be going into custody until trial.

> MR. GHANI: Judge, we understand she was an hour late today. However, having her chose [sic] between doing a jury trial –

## *II. Abuse of Discretion*

[17] Boatman argues that "[u]nder the unique circumstances of this case, the denial of the requested continuance was an abuse of discretion because it resulted in unprepared attorneys being forced to trial." *Appellant's Brief* at 21. When, as here, a party moves for a continuance not required by statute, we review the court's decision for abuse of discretion. *Zanussi v. State*, 2 N.E.3d 731, 734 (Ind. Ct. App. 2013). An abuse of discretion occurs when the ruling is against the logic and effect of facts and circumstances before the court or the record demonstrates prejudice from denial of the continuance. *Id.* "Continuances to allow more time for preparation are generally disfavored in criminal cases." *Id.* "Such motions require a specific showing as to how the additional time would have aided counsel." *Id.* (quoting *Robinson v. State*, 724 N.E.2d 628, 634 (Ind. Ct. App. 2000), *trans. denied*).

[18] Here, Ghani affirmatively stated at the November 4 pretrial hearing that the defense was ready to proceed to jury trial on November 6. After the court had closed on November 4, Hirschauer's firm filed an appearance and then a motion to continue trial. Hirschauer had no contact with Ghani to discuss the

---

> THE COURT: It's not her choice. It's yours. *If you want a continuance you may get ready*, but she is going into custody.

*Transcript* at 16 (emphasis added). Boatman argues that the court's use of the words "[i]f you want a continuance you may get ready" reflects the court's knowledge "that [her] attorneys were not prepared for trial." *Appellant's Brief* at 20. We disagree with this interpretation. The context of the full colloquy between counsel and the court reflects that the court was merely re-stating what counsel had repeatedly urged – i.e., they needed more time to "get ready" for jury trial.

case, Hirschauer did not make any request that Ghani provide him with Boatman's file, and Ghani did not file a motion to withdraw. The jury was assembled on the morning of November 6. Boatman was not present for trial, nor was Hirschauer. After the court denied Hirschauer's motion to continue, his colleague moved to withdraw, which the court granted. Ghani and Collman remained as counsel on the case, and their office had represented Boatman since the beginning. Boatman was found not guilty of one of the charged offenses. She has provided no compelling examples of how additional time would have benefited her defense. Under these circumstances, we find that the court's denial of Boatman's request for additional time was not an abuse of discretion. *See Turner v. State*, 508 N.E.2d 541, 547 (Ind. 1987) ("The last minute dismissal of counsel and subsequent request for a continuance to seek new counsel is an often used ploy for stalling the trial, and when this maneuver impedes sound judicial administration, there is no abuse of discretion to proceed without granting a further continuance.")

[19] Judgment affirmed.

Bailey, J. and Crone, J., concur.