FILED

Sep 02 2020, 8:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Robert A. Montgomery
Law Offices of Robert A. Montgomery
Munster, Indiana

ATTORNEYS FOR APPELLEE
APERION CARE

Norris Cunningham
Christina L. Essex
Katz Korin Cunningham PC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| The Estate of Sandra King by Special Administrator Marie Briggs, | September 2, 2020 |
| *Appellant-Plaintiff,* | Court of Appeals Case No. 19A-MI-3037 |
| v. | Appeal from the Lake Superior Court |
| Aperion Care d/b/a Aperion Care Tolleston Park and Steve Robertson, Insurance Commissioner for the Indiana Department of Insurance,[1] | The Honorable Bruce D. Parent, Judge |
| *Appellees-Defendants.* | Trial Court Cause No. 45D11-1907-MI-624 |

---

[1]  Neither Robertson nor the Indiana Department of Insurance participates in this appeal.  However, pursuant to Indiana Appellate Rule 17(A), a party below is a party on appeal.

**Bradford, Chief Judge.**

# Case Summary

On June 8, 2017, the Estate of Sandra King ("the Estate") filed a proposed complaint alleging medical malpractice with the Indiana Department of Insurance ("IDOI") following a determination by the IDOI that Aperion Care d/b/a Aperion Care Tolleston Park ("Aperion") is a qualified healthcare provider under the Indiana Medical Malpractice Act ("the Act"). During discovery, the Estate learned that King signed an arbitration agreement ("the Arbitration Agreement"), which indicated that all claims against Aperion were to be resolved exclusively by arbitration. The Estate moved to compel arbitration. The trial court denied the Estate's motion, finding that the matter was not ripe for arbitration. The Estate appealed, arguing that the trial court erred in denying its motion to compel arbitration. Because we agree, we reverse the judgment of the trial court and remand with instructions for the trial court to enter an order granting the Estate's motion to compel.

# Facts and Procedural History

Sandra King was a resident at Aperion, a skilled nursing facility, from March 3, 2015 through July 1, 2015. Aperion qualified as a qualified healthcare provider pursuant to the Act. As part of the admission process, King signed the Arbitration Agreement. King developed numerous ailments while living at Aperion, which the Estate later claimed caused her "to become indebted and

liable for medical and hospital expenses and experience pain, suffering, disability and loss of enjoyment of life up until the moment of her death" on November 23, 2015. Appellee's App. Vol. II p. 22.

[3] The Estate filed a proposed complaint with the IDOI on June 8, 2017, alleging medical malpractice related to the nursing care King received while a resident of Aperion. The parties proceeded through discovery under the IDOI caption and formed a medical-review panel. At some point during discovery, the Estate became aware of the Arbitration Agreement.

[4] Prior to making its submission to the medical-review panel, the Estate filed a motion for preliminary determination/motion to compel arbitration and asked the trial court to compel arbitration. The trial court initially granted the Estate's motion to compel on August 5, 2019, but ultimately vacated the order. The trial court conducted a hearing on the Estate's motion to compel on November 25, 2019. The trial court subsequently denied the Estate's motion to compel, holding that the case was "not yet ripe for arbitration" because the Estate's claims must first proceed through the review process set forth in the Act. Appellant's App. Vol. II p. 7.

# Discussion and Decision

[5] The Estate contends that the trial court erred by denying its motion to compel arbitration. "It is well settled that Indiana recognizes a strong policy favoring enforcement of arbitration agreements." *Sanford v. Castleton Health Care Ctr.,*

*LLC*, 813 N.E.2d 411, 416 (Ind. Ct. App. 2004). "[W]here a court is asked to compel or stay arbitration, it faces the threshold question of whether the parties have agreed to arbitrate the particular dispute." *Id.* Once satisfied that the parties contracted to submit their disputes to arbitration, the court is required by statute to compel arbitration. *PSI Energy, Inc. v. AMAX, Inc.*, 644 N.E.2d 96, 99 (Ind. 1994); *see also* Ind. Code § 34-57-2-3(a) ("If the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue raised without further pleading and *shall* order arbitration if found for the moving party[.]") (emphasis added). Further, when construing arbitration agreements, "every doubt is to be resolved in favor of arbitration." *Sanford*, 813 N.E.2d at 416 (internal quotation omitted).

[6] When reviewing contracts, courts are "required to give effect to parties' contracts and to do so, courts look to the words of a contract." *MPACT Const. Grp., LLC v. Superior Concrete Constrs., Inc.*, 802 N.E.2d 901, 910 (Ind. 2004). "In contracting, clarity of language is key." *Id.* "When there is ambiguity in a contract, it is construed against its drafter." *Id.* "Construction of the terms of a written arbitration contract is a pure question of law, and we conduct a de novo review of the trial court's conclusions in that regard." *Sanford*, 813 N.E.2d at 416–17.

[7] The parties agree that the Arbitration Agreement is binding and enforceable. The Estate claims that the trial court erred in determining that the matter was not ripe for arbitration because the parties had yet to complete the review panel process required by the Act. In making this argument, the Estate claims that

the Act does not apply in this case because the Arbitration Agreement provided the exclusive avenue for resolution of its claims. We agree.

# I. Requirements and Limitations of the Act

Indiana Code section 34-18-8-4 provides that an action against a qualified healthcare provider may not be commenced in a court in Indiana before: (1) the claimant's proposed complaint has been presented to a medical-review panel; and (2) an opinion is given by the panel. The United States Court of Appeals for the Seventh Circuit has held that "[t]he medical review panel requirement is a substantive feature of the Act that must be enforced in federal court." *Thompson v. Cope*, 900 F.3d 414, 424 (7th Cir. 2018) (citing *Hines v. Elkhart General Hospital*, 603 F.2d 646, 649–50 (7th Cir. 1979)). However, the Indiana Code recognizes that parties can agree to waive the requirement that the case first be submitted to a medical-review panel, providing that "a claimant may commence an action in court for malpractice without the presentation of the claim to a medical review panel if the claimant and all parties named as defendants in the action agree that the claim is not to be presented to a medical review panel." Ind. Code § 34-18-8-5. Such an agreement "must be in writing and must be signed by each party or an authorized agent of the party" and the claimant "must attach a copy of the agreement to the complaint filed with the court in which the action is commenced." Ind. Code § 34-18-8-5.

# II. The Arbitration Agreement

The Arbitration Agreement signed by the parties provides, in relevant part, as follows:

> [Aperion] and [King] ("Resident") agree that *any legal dispute, controversy, demand, or claim* (hereinafter collectively referred to as "claim" or "claims") arising out of, or relating to Resident's admission to [Aperion], or any service, diagnosis, or care of the Resident provided by [Aperion], its agents or employees, including the applicability of this Arbitration Agreement and the validity thereof, *shall be resolved exclusively by* Neutral Binding Arbitration.… A neutral arbitrator(s) shall conduct the matter in accordance with the Comprehensive Arbitration Rules and Procedures of the Judicial Arbitration and Mediation Services (JAMS), Inc.… The parties agree that this Arbitration Agreement and any proceedings applicable thereto, is to be governed by and interpreted under the Federal Arbitration Act, 9 U.S.C. § 1-16. As such, the parties acknowledge that this agreement and the Resident's admission to [Aperion] evidences a transaction involving interstate commerce.

> This agreement to arbitrate includes, but is not limited to, any claims for … negligence, gross negligence, malpractice, or any other claim based on any departure from accepted standards of medical, nursing, health care or safety, whether sounding in tort, contract, consumer trade practices, product liability or any other cause of action not herein named, but that could be brought under applicable state or federal laws. However, this agreement to arbitrate shall not limit Resident's right to file a grievance or complaint, formal or informal, with [Aperion] or any appropriate state or federal agency.

> The parties agree that damages awarded, if any, in an arbitration proceeding, shall be determined in accordance with the provisions of state or federal law applicable to a comparable civil

action, including any prerequisites to, credit against or limitations on such damages. This agreement to arbitrate shall inure to the benefit of, and bind the parties, their heirs, successors and assigns, including the agents, staff and servants of Community, and all persons who claim derives through or on behalf of Resident, including that of any parent, spouse, child, guardian, executor, administrator, legal representative, legal surrogate, or heir of Resident.

****

Resident understands that Neutral Binding Arbitration terms included herein service termination of this Agreement. Resident acknowledges that choosing to resolve claims with Neutral Binding Arbitration quickly resolves the claim and controls legal costs for both parties. Resident, Resident's Spouse, and Resident's legal representative and/or Responsible Party agree to follow the terms of this Arbitration Agreement from the date of signing in perpetuity.

Resident understands that the effect of this arbitration agreement and his/her agreement herein *to submit all claims to neutral binding arbitration is such that claims cannot be brought as a lawsuit in court*. Resident hereby waives his/her constitutional right to have such claims decided by a judge or jury.

Any award by an arbitrator pursuant to this Arbitration Agreement may be entered as a judgment in any court having jurisdiction.

Appellant's App. Vol. II pp. 12–13 (emphases added).

[10]     The parties here chose all-encompassing language in deciding what to arbitrate, agreeing that *any* legal claim shall be resolved *exclusively* by arbitration. In Footnote 3 of our opinion in *Sanford*, we warned that such all-encompassing

language could potentially impact the right to have a claim reviewed by a medical-review panel, stating:

> In light of exclusive arbitration clauses, like the one at issue, we query whether qualified medical health care providers retain the ability to avail themselves of the provisions and attendant benefits of the Medical Malpractice Act, including a limitation on the amount of the provider's liability—*i.e.*, Indiana Code Section 34-18-14-3—and review of the plaintiff's claim by a medical review panel—*i.e.*, Indiana Code Section 34-18-8-4. Thus, these qualified providers need to be cognizant that, should they include these exclusive arbitration clauses in their contracts, they might be relinquishing not only their rights to a jury trial and to a broader review on appeal, but also their right to avail themselves of the Medical Malpractice Act.

*Sanford*, 813 N.E.2d at 419 n.3. Given that the parties agreed that the exclusive means for resolving any claims was arbitration and our precedent stating that when construing arbitration agreements, "every doubt is to be resolved in favor of arbitration," *Sanford*, 813 N.E.2d at 416, we conclude that the Facility relinquished its right to avail itself of the Act.

[11] Furthermore, we have also held that "parties to an arbitration agreement could, if they wished, make the right to seek arbitration subject to a condition precedent." *Chesterfield Mgmt., Inc. v. Cook*, 655 N.E.2d 98, 102 (Ind. Ct. App. 1995). Thus, the parties could have agreed as a condition precedent to arbitration that the arbitration of any issue falling under the Act must be

presented to a review panel prior to being submitted to arbitration. The

Arbitration Agreement contains no such condition precedent.[2]

# Conclusion

[12] Having concluded that the Aperion relinquished its right to avail itself of the Act, we further conclude that the trial court erred by denying the Estate's motion to compel arbitration. We therefore remand the matter to the trial court with the instruction to enter an order granting the Estate's motion to compel.

[13] The judgment of the trial court is reversed and remanded with instructions.

Najam, J., and Mathias, J., concur.

---

[2] The Arbitration Agreement provided that any damages "shall be determined in accordance with the provisions of state or federal law applicable to a comparable civil action, including … limitations on such damages." Appellant's App. Vol. II p. 12. This language demonstrates that Aperion, the author of the Arbitration Agreement, required compliance with applicable state and federal laws in some regards and could have required compliance with other related state or federal laws, had it chosen to do so. The fact that Aperion did not include language requiring a decision from a medical review panel prior to submitting a case involving alleged medical malpractice to arbitration suggests that Aperion did not intend for such a decision to be a condition precedent to arbitration.